HAEJI HONG, ATTORNEY #198503
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE
402 West Broadway, Suite 600
San Diego, CA 92101
(619) 557-5013

Attorney for
TIFFANY L. CARROLL
ACTING UNITED STATES TRUSTEE

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

In re:

QUALITYBUILT.COM,
a California corporation

Debtor.

Case No.: 09-12113-PB11

UNITED STATES TRUSTEE'S
OPPOSITION TO DEBTOR'S FIRST DAY
MOTIONS

Date: None
Time:
Dept: Four (4)
Judge: Peter W. Bowie

On or about August 20, 2009, Qualitybuilt.com, a California corporation, the Debtor-in-Possession (the "Debtor"), filed (1) First Day Motion by Debtor for Order Approving All Procedures, Requirements, and Other Provisions Set Forth in Sales Procedure Order (Ex. 2 to Exhibit Compendium); (2) First Day motion by Debtor Authorizing Interim use of Cash Collateral; (3) First Day Motion by Debtor For Order Authorizing But Not Requiring Debtor to Pay Pre-Petition Accrued Salary; (4) First Day Motion for Order Authorizing But Not Requiring Debtor to Pay Interim Compensation to Insiders; (5) First Day Motion for Order Authorizing Debtor to Maintain Pre-petition Bank Accounts and Merchant Accounts; (6) First Day Motion by Debtor for Order Establishing Notice Procedures; and (7) First Day Motion for Order Determining Utilities to be Adequately Protected Or, In the Alternative, Setting Adequate Protection Requirements (all motions collectively referenced herein as "First Day Motions"). The Acting United States Trustee (the "United States Trustee" or "UST") called the Court's law

clerk on August 21, 2009 and indicated that the United States Trustee opposes the First Day Motions. The UST's Office indicated that a closer scrutiny and notice may be required to allow creditors to review the First Day Motions. The Court's law clerk indicated a written opposition should be filed by August 24, 2009. Therefore, this Opposition is being filed. Due to the time constraints, the United States Trustee will briefly note all issues in this Opposition instead of filing separate Oppositions for each of the First Day Motions.

Currently, there is no Official Committee of Unsecured Creditors ("OCC") in this case yet. Therefore, closer scrutiny may be warranted by creditors until the OCC is appointed.

### A. **Sale Motion**

The Buyer is indicated to be Quality Built, LLC. The similarity between the name of the Debtor and the buyer may indicate that insider could be involved as the buyer. The Debtor should provide greater detail regarding the relationship between the proposed buyer and the Debtor.

The purchase price is indicated as $450,000. The break-up fee is indicated as $50,000. The break-up fee is approximately 11% of the purchase price. Such break-up fee appears to be unreasonable. Reasonableness of a break-up fee is determined by reviewing (1) whether the relationship between the parties who negotiated the fee is tainted by self-dealing; (2) whether the fee hampers, rather than encourage, bidding; and (3) whether the amount of the fee is unreasonable relative to the proposed purchase price. *In re Integrated Resources, Inc.*, 147 B.R. 650, 657 (S.D.N.Y. 1992). A break-up fee is generally held to be reasonable if it is 1-2% of the proposed purchase price. *In re Tiara Motorcoach, Corp.*, 212 B.R. 133, 138 n.6 (Bankr.N.D.Ind. 1997).

The initial overbid is proposed to be at least $210,000 of the cash value, which appears to be unreasonably high. The amount set for the initial overbid should be limited to the amount approved as the "break-up fee" plus the incremental increase. The proposed initial overbid appears to be higher than such amount. Additionally, the first three overbids must be in the amount of $20,000 or higher. Such high increments would serve to chill the bidding and would prefer the proposed buyer over the potential over-bidders.

1   The First Day Motions do not articulate in detail how the Debtor plans to market the
2   assets for sale.
3   The Asset Purchase Agreement references that a customer list is part of the assets that is
4   proposed to be sold. The First Day Motions do not address whether a consumer privacy
5   ombudsman may be necessary pursuant to 11 U.S.C. § 363(b)(1) and § 332. To the extent that
6   the proposed customer list affects individuals and the Debtor has any privacy policy prohibiting
7   disclosure of personally identifiable information, the Debtor should address the issue. To the
8   extent these sections do not apply, the United States Trustee requests clarification from the
9   Debtor on how these sections do not apply in the sale of customer list in this case.

10  **B.    Insider Compensation**

11  The Debtor did not comply with the Local Bankruptcy Rule on the Guidelines for First
12  Day Motions regarding request for insider compensation in the First Day Motions. The First
13  Day Motions do not limit the insider compensation requests to 60 days. Furthermore, the First
14  Day Motions lack personal financial declarations with the information required by Local
15  Bankruptcy Rule 4002-2(b), in particular, the income and expense of the insider.
16  The United States Trustee also objects to the approval of the insider compensation unless
17  the proposed order provides that (1) post-petition payables, such as administrative expenses, are
18  current before the insiders receive compensation and (2) the insider compensation is subject to
19  disgorgement.

20  **C.    Bank Account**

21  The United States Trustee does not object to the use of pre-petition bank account.
22  However, the UST requests that the Debtor designate bank accounts as Debtor-in-Possession in
23  accounts on a going-forward basis and that the Debtor provide a cut-off bank statement.

24  **D.    Cash Collateral**

25  The United States Trustee notes that the First Day Motions with respect to the use of cash
26  collateral does not include a carve-out for the payment of UST quarterly fees and professional
27  fees. Such carve-outs should also be included.
28  ///

1 WHEREFORE, the United States Trustee files this Opposition to the First Day Motions and request that the Court set a hearing.

Respectfully submitted,

TIFFANY L. CARROLL
ACTING UNITED STATES TRUSTEE

Dated: August 24, 2009

By: _____
Haeji Hong,
Attorney for the Acting United States Trustee

- 4 -