HAEJI HONG, ATTORNEY #198503
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE
402 West Broadway, Suite 600
San Diego, CA 92101
(619) 557-5013

Attorney for
TIFFANY L. CARROLL
ACTING UNITED STATES TRUSTEE

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>QUALITYBUILT.COM,<br>a California corporation<br><br>                              Debtor. | Case No.: 09-12113-PB11<br><br>UNITED STATES TRUSTEE'S RESPONSE TO DEBTOR'S MOTION FOR ORDER APPROVING SALE OF PROPERTY OF THE ESTATE FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES, SUBJECT TO OVERBID<br><br>Date:  March 1, 2010<br>Time:  10:30 a.m.<br>Dept:  Four (4)<br>Judge: Peter W. Bowie |

The Acting United States Trustee (the "United States Trustee" or "UST") hereby files this Response to the Motion for Order Approving Sale of Property of the Estate Free and Clear of All Liens, Claims and Encumbrances, Subject to Overbid (the "Motion") by Qualitybuilt.com, a California corporation, the Debtor-in-Possession (the "Debtor").

The Buyer is indicated to be Quality Built, LLC.  The similarity between the name of the Debtor and the buyer may indicate that insider could be involved as the buyer.  The Debtor should provide greater detail regarding the relationship between the proposed buyer and the Debtor.

- 1 -

QUALITYBUILT.COM: 09-12113-PB11
RESPONSE TO DEBTOR'S MOTION FOR SALE

The purchase price is indicated as $300,000 in cash and $72,471 in assumed liabilities.[1] The minimum overbid is set forth as $60,000, with subsequent bids at $10,000. Such overbid amount, which is approximately 16% of the purchase price, appears to be unreasonably high and may chill the bidding process. *See e.g. In re Mama's Original Foods, Inc.* 234 B.R. 500 (Bankr.C.D.Cal. 1999)(holding that minimum overbid of 11.3% was excessive).

The Motion does not indicate what type of marketing efforts would be conducted or where the Debtor proposes to advertise the sale so that other potential buyers may overbid. Because the best way to determine the market value of the property is to expose to the marketplace, it is important for the Debtor to describe the method of advertising. *See id.* at 503-504. It is unclear how much active marketing and advertising were done other than the officers reaching out to their contacts.

The Asset Purchase Agreement attached to the Motion indicates that there may be insider agreements. Paragraph 5.22 indicates affiliate transactions would be indicated in Schedule 5.21 (sic) but such schedule was not attached. Contrary to Paragraph 5.21, Paragraph 7.1 indicates that Mr. Luhr and Ms. Michaelis will have transactions with the Buyer as landlord and as employees of the Buyer.

This appears to be a sub rosa plan, and the Court should scrutinize the transaction carefully. The sale of substantially all of the assets may be an invalid sub rosa plan by fixing the course of the reorganization case. *In re Braniff Airways, Inc.*, 700 F.2d 935, 940 (5th Cir. 1983). The proposed sale will fix and alter the "best interest of creditors" test required to confirm a plan. It will also fix and reduce the reorganization option available to the general unsecured creditors since the Debtor in effect will cease operation.

///
///
///
///

---

[1] The Debtor indicates that assumption of executory contacts is estimated at $6-7,000,000.

- 2 -

QUALITYBUILT.COM: 09-12113-PB11
RESPONSE TO DEBTOR'S MOTION FOR SALE

1  The Buyer is the same proposed Buyer as the last time the Debtor proposed to sell by
2  First Day Motion. Yet, the purchase price has decreased from the previously proposed sale. The
3  Court should carefully consider whether this sale should be approved.

4  WHEREFORE, the United States Trustee files this Response to the Motion.

Respectfully submitted,

TIFFANY L. CARROLL
ACTING UNITED STATES TRUSTEE

Dated: February 11, 2010    By: _____
                                Haeji Hong,
                                Attorney for the Acting United States
                                Trustee

- 3 -