**CSD 1001C** [11/15/04]
Name, Address, Telephone No. & I.D. No.
L. Scott Keehn (SBN 61691)
Leslie F. Keehn (SBN 199153)
**KEEHN & ASSOCIATES, APC**
402 W. Broadway, Suite 1210
San Diego, California  92101
(619) 400-2200
Attorneys for Debtor-in-Possession Qualitybuilt.com

Order Entered on
March 12, 2010
by Clerk U.S. Bankruptcy Court
Southern District of California

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

Qualitybuilt.com, a California corporation,

Debtor-in-Possession.

**LODGED**

BANKRUPTCY NO.  09-12113-PB11

Date of Hearing: March 1, 2010
Time of Hearing: 10:30 a.m.
Name of Judge:   Hon. Peter W. Bowie

**ORDER
(I) AUTHORIZING THE SALE OF SUBSTANTIALLY
ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL
LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, (II) AUTHORIZING
THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY
CONTRACTS AND UNEXPIRED LEASES IN CONNECTION THEREWITH
<u>AND RELATED PROCEDURES AND (III) GRANTING RELATED RELIEF</u>**

       IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2)

through  15  with exhibits, if any, for a total of   15   pages, is granted.  Notice of Lodgment Docket Entry No.  140

//

//

//

//

//

//
DATED:  March 11, 2010

Judge, United States Bankruptcy Court

Signature by the attorney constitutes a certification under Fed. R. of Bankr. P. 9011 that the relief in the order is the relief granted by the court.

Submitted by:

 KEEHN & ASSOCIATES, APC
 (Firm name)

By: //s// L. Scott Keehn
    Attorney for ☑ Movant ☐ Respondent

**CSD 1001A**/119482

Case 09-12113-PB11    Filed 03/11/10    Doc 148    Pg. 2 of 15

CSD 1001C [11/15/04](Page 2)
ORDER AUTHORIZING THE SALE OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL, ETC.
DEBTOR: Qualitybuilt.com                                              CASE NO: 09-12113-PB11

This matter is coming before the Court on the motion, dated January 29, 2010 (the "Sale Motion")(Docket No. [ 110 ]), in Department 4 of the above entitled court, the Honorable Peter W. Bowie, Judge presiding. Appearances were madr by the Firm of Keehn & Associates, APC, by L. Scott Keehn, on behalf of the debtor, by th firm of Winthrop Couchot, by Garrick A. Hollander, Esq. On behalf of Quality Built, LLC, the Acting United States Trustee by Haeji Hong, Esq, one of her Trial Attorneys, the firm on Solomon Ward Seidenwurm & Smith by Michael D. Breslauer, Esq. On behalf of Coast to Coast Engineering, Inc. d/b/a Criterium Engineers. The Sale Motion had been filed by the above-captioned debtor and Debtor in possession(the "Debtor") for entry of an order (the "Sale Order"), pursuant to sections 105, 363 and 365 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code", Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2002-1, 6004-1, and 9006-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of California (i) authorizing and approving the entry into, performance under and terms and conditions of First Amended and Restated Asset Purchase Agreement, dated as of December 18, 2009 (collectively with all related agreements, documents or instruments and all exhibits, schedules and addenda to any of the foregoing, the "Purchase Agreement"), substantially in the form previously filed as attachment Number 1 (Exhibit Part 1); and Number 2 (Exhibit Part 2) of Docket Item 138 (Notice of Lodgment of Order), and is incorporated herein by this reference, between and among Quality Built, LLC ("Purchaser"), a Delaware limited liability company, and the Debtor, whereby the Debtor has agreed to sell, and the Purchaser has agreed to purchase the "Purchased Assets" (as such term is defined and described in Article 1 of the Purchase Agreement), which Purchased Assets include, without limitation, the Assumed Contracts (as defined in section 1.1 of the Purchase Agreement), all of the Debtor's tangible, intangible and operating assets related to the conduct of the Debtor's (the "Business"), that are defined and described in section 1.1 of the Purchase Agreement; (ii) authorizing and approving the sale by the Debtor of the Purchased Assets, free and clear of liens, claims (as such term is defined by section 101(5) of the Bankruptcy Code), liabilities encumbrances, rights, remedies, restrictions, and interests and encumbrances of any kind of nature whatsoever whether arising before or after the Petition Date, whether at law or in equity, all environmental claims, all change in control provisions, all rights to object or consent to the effectiveness of the transfer of the Purchased Assets to the Purchaser or to be excused from accepting performance by the Purchaser or performing for the benefit of the Purchaser under any Assumed Contract and all rights at law or in equity (collectively, "Claims") (other than certain liabilities that are expressly assumed or created by the Purchaser, as set forth in the Purchase Agreement (collectively, the "Assumed Liabilities")); (iii) authorizing the assumption and assignment to the Purchaser of the Assumed Contracts (collectively, the "Assumed Contracts"); the Court having conducted a hearing on the Sale Motion on March 1, 2010 (the "Sale Hearing") at which time all interested parties were offered an opportunity to be heard with respect to the Sale Motion and submit over-bids; the Court having reviewed and considered (i) the Sale Motion and the exhibits thereto, (ii) the Purchase

```
CSD 1001C [11/15/04](Page 3)
```
Case 09-12113-PB11   Filed 03/11/10   Doc 148   Pg. 3 of 15

ORDER AUTHORIZING THE SALE OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL, ETC.
DEBTOR: Qualitybuilt.com                                              CASE NO: 09-12113-PB11

Agreement attached hereto as Exhibit A, (iii) all of the pleadings, papers, declarations, and evidence submitted in support of or in opposition to the Sale Order, and (iv) the arguments of counsel made, and the evidence proffered or adduced, at the Sale Hearing; and it appearing that due notice of the Sale Motion [and the auction conducted at the Sale Hearing (the "Auction")] and the relief requested in the Sale Motion is in the best interests of the Debtor, its estate and creditors and other parties in interest; and upon the record of the Sale Hearing and this case; and after due deliberation thereon; and good and sufficient cause appearing therefore;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

### THE DEBTOR AND ITS CASE

A.       As of the Petition Date and for a period of approximately 60 days before the commencement of these chapter 11 cases, the Debtor worked to try to raise capital or implement a viable transaction that would allow the Debtor to continue operations. Those efforts continued through the execution of the Purchase Agreement on December 18, 2009. The Debtor presented credible evidence that, as of the filing of the Sale Motion, it had explored strategic alternatives for the Business over an extended period of time and had communicated with more than 54 parties about possible sales, mergers, combinations, and alternatives regarding debt or equity capital investments or financing and had prepared standalone business plans in the event that strategic alternatives did not materialize or were insufficient. The Sale Transaction is the result of the Debtor's diligent efforts and is reasonable under the circumstances.

### JURISDICTION, FINAL ORDER AND STATUTORY PREDICATES

B.       This Court has jurisdiction over the Sale Motion, the Sale Transaction and the Purchase Agreements pursuant to 28 U.S.C. §§ 157 (b)(1) and 1334(a), and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue of this case and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.       This Sale Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), the Court expressly finds that there is not just reason for delay in the implementation of this Sale Order, and expressly directs entry of judgment as set forth herein.

D.       The statutory predicates for th relief sought in the Sale Motion and granted in this Order include, without limitation, sections 105(a), 363(b), (f) and (m) and 365(a), (b) and (f) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006.

### JUDICIAL NOTICE

E.       Pursuant to the Federal Rule of Evidence 201(c), incorporated into these proceedings pursuant to Bankruptcy Rule 9017, the Court takes judicial notice of : Not Applicable.

Case 09-12113-PB11    Filed 03/11/10    Doc 148    Pg. 4 of 15

`CSD 1001C` [11/15/04]**(Page 4)**
ORDER AUTHORIZING THE SALE OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL, ETC.
DEBTOR:  Qualitybuilt.com                                          CASE NO:  09-12113-PB11

## **SOUND BUSINESS PURPOSE**

F.      The Debtor seeks to convey the Purchased Assets, all of which are subject to Claims.

G.      The Debtor is unable to continue financing its ongoing operations, and in the absence of the relief granted herein, will default on performance of the Assumed Contracts.  Those defaults will produce additional claims against the Debtor and its estate.  The amount of those claims is credibly projected to be between $6 – $7 Million.

The Debtor has not paid post-petition rent for its lease of its principal place of business located at 15330 Avenue of Science, San Diego, California 92120 (the "Real Property"), its landlords are in default on their obligations secured by Real Property.  Non-judicial foreclosure proceedings were commenced against the Real Property on or about November 19, 2009.  The debt secured by the Real Property is in excess of its appraised value, and the Debtor's landlords (which are two limited liability companies) each of which has a single member.  The respective members are Stan Luhr and Elizabeth Michaelis (the Debtor's Shareholders), have no resources with which to cure the defaults on the debt secured by the Real Property, and expect to loose that property to foreclosure in March 2010.

H.      The Debtor has demonstrated, and the Purchase Agreement reflects, both (1) good, sufficient and sound business purposed and justifications for immediate approval of the Purchase Agreement and the Sale Transaction, and (2) compelling circumstances for the approval of the Purchase Agreement and the Sale Transaction outside the ordinary course of the Debtor's business pursuant to Section 363(b) of the Bankruptcy Code prior to, and outside of, a plan of reorganization in that, among other things, the Debtor's estate will suffer immediate and irreparable harm due to its inability to continue operations to preserve the going concern value of the business. In light of the risk of deterioration in, and loss of the going concern value of the Purchased Assets pending the proposed Sale Transaction, time is of the essence in (a) consummating the Sale Transaction, (b) preserving the viability of the Debtor's businesses as going concerns and (c) minimizing the adverse economic consequences for the Debtor estate, and its creditors, that would be threatened by protracting the proceeding in this chapter 11 case.

I.      The consummation of the Sale Transaction outside of a plan of reorganization pursuant to the Purchase Agreement neither impermissibly restructures the rights of the Debtor's creditor nor impermissibly dictates the terms of a liquidating plan of reorganization for the Debtor.  The Sale Transaction does not constitute a sub rosa plan of reorganization.

J.      Entry of an order approving the Purchase Agreement and all the provisions thereof is a necessary condition precedent to the Purchaser's consummation of the Sale Transaction, as set forth in the Purchase Agreement.

K.      The Purchase Agreement was not entered into, and the Debtor, the Purchaser or the Purchasers present at the Sale Hearing or contemplated owners, have not entered into the Purchase Agreement or propose to consummate the Sale Transaction, for the purpose of hindering, delaying or defrauding the Debtor's present or future creditors.  Neither the Debtor,

Case 09-12113-PB11    Filed 03/11/10    Doc 148    Pg. 5 of 15

```
CSD 1001C [11/15/04](Page 5)
ORDER AUTHORIZING THE SALE OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL, ETC.
DEBTOR:  Qualitybuilt.com                                   CASE NO:  09-12113-PB11
```

the Purchaser nor the Purchasers present at the Sale Hearing or contemplated owners are entering into the Purchase Agreement, or proposing to consummate the Sale Transaction, fraudulently for the purpose of statutory and common law fraudulent conveyance and fraudulent transfer claims whether under the Bankruptcy Code or under the laws of the United States, any state, territory, possession thereof, or the District of Columbia or any other applicable jurisdiction with laws substantially similar to the foregoing.

L. The Debtor has exercised sound and proper business judgment in determining to sell the Purchased Assets.

## HIGHEST AND BEST OFFER

M. The Sale Motion established proposed bidding procedures (the "Bidding Procedures"). The Bidding Procedures provided a full, fair and reasonable opportunity for an entity to make an offer to purchase the Purchased Assets. However, there were no qualified bidders at the Sale Hearing.

N. As demonstrated by the declarations and other evidence proffered or adduced at the Sale Hearing, (1) the Debtor has adequately marketed the Purchased Assets; (2) the consideration provided for in the Purchase Agreement constitutes the highest or otherwise best offer for the Purchased Assets and provides fair and reasonable consideration for the Purchased Assets; (3) the Sale Transaction is fair and reasonable in of respects; (4) the Sale Transaction will provide a greater recovery for and benefit to the Debtor's creditors than would be provided by any other practical available alternative; (5) no other party or group of parties has offered to purchase the Purchased Assets for greater economic value to the Debtor or its estate; (6) the consideration to be paid by the Purchaser under the Purchase Agreement exceeds the liquidation value of the Purchased Assets, net of the resulting breach of contract claims that are likely to follow, if the Purchased Assets are not sold to an entity that can perform Assumed Contracts, and the Assumed Liabilities; and (7) the consideration to be paid by the Purchaser under the Purchase Agreement constitutes reasonably equivalent value and fair consideration (as those terms may be defined in each of the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act and section 548 of the Bankruptcy Code) under the Bankruptcy Code and under the laws of the United States, any state, territory or possession thereof or the District of Columbia, or any other applicable jurisdiction with laws substantially similar to the foregoing. The Debtor's determination that the Purchase Agreement constitutes the highest and best offer for the Purchased Assets constitutes a valid and sound exercise of the Debtor's business judgment.

## BEST INTEREST OF CREDITORS

O. Approval of the Purchase Agreement and the consummation of the Sale Transaction with the Purchaser at this time is in the best interest of the Debtor, its creditors, its estate, and other parties in interest.

///

///

```
CSD 1001A/119482
```

*Signed by Judge Peter W. Bowie March 11,2010*

Case 09-12113-PB11   Filed 03/11/10   Doc 148   Pg. 6 of 15

```
CSD 1001C [11/15/04](Page 6)
ORDER AUTHORIZING THE SALE OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL, ETC.
DEBTOR:  Qualitybuilt.com                                          CASE NO:  09-12113-PB11
```

### DESCRIPTION OF THE PURCHASER AND THE PURCHASER'S GOOD FAITH

P. The Purchaser is a newly formed Delaware limited liability company. Neither the Purchaser nor any of its members are "insiders" of the Debtor, as that terms is defined by section 101(31) of the Bankruptcy Code.

Q. The Purchase Agreement and each of the transactions contemplated therein were negotiated, proposed and entered into by the Debtor and the Purchaser in good faith, without collusion or fraud and from arm's-length bargaining positions. The Purchaser has proceeded in good faith in all respects in connection with this proceeding, is a "good faith purchaser" within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to all the protections afforded thereby. None of the Debtor, the Purchaser nor the Purchasers present at the Sale Hearing or contemplated owners have engaged in any conduct that would cause or permit the Purchase Agreement or any of the transactions contemplated thereby to be avoided; that would tend to hinder, delay or defraud creditors; or that impose costs and damages under section 363(n) of the Bankruptcy code.

### NOTICE OF THE SALE MOTION, [THE AUCTION] AND THE CURE AMOUNTS

R. As evidenced by the affidavits and certificates of service filed with the Court, in light of the wasting nature of the Debtor's going concern value and based upon the representations of counsel at the Sale Hearing, the Court finds that: (1) proper, timely, adequate and sufficient notice of the Sale Motion, the Bidding Procedures, the Auction, the Sale Hearing has been properly and adequately provided by the Debtor, (2) such notice, and the form and manner thereof, was good, sufficient, reasonable and appropriate under the exigent circumstances prevailing in this chapter 11 case and (3) no other or further notice of the Sale Motion, the Sale Transaction, the Bidding Procedures, the Auction, the Sale Hearing is or shall be required. In light of the need to grant the relief requested in the Sale Motion promptly to avoid any erosion in the going concern value of the Purchased Assets, a reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein has been afforded to all interested persons and entities, including, but not limited to, the following:

    (i)    counsel to any official committees formed in this chapter 11 case;

    (ii)    all unsatisfied prepetition secured lenders;

    (iii)    the Purchaser;

    (iv)    parties who, in the past year, have expressed in writing to the Debtor an interest in acquiring the Purchased Assets;

    (v)    nondebtor parties (the "Non-Debtor Counterparties") to the Assumed Contracts, and the Assumed Liabilities;

    (vi)    all parties who are known or reasonably believed to have asserted a lien, encumbrance, claim or other interest in the Purchased Assets or who are reflected as secured parties in lien searches conducted by the

Case 09-12113-PB11    Filed 03/11/10    Doc 148    Pg. 7 of 15

```
CSD 1001C [11/15/04](Page 7)
ORDER AUTHORIZING THE SALE OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL, ETC.
DEBTOR:  Qualitybuilt.com                                            CASE NO:  09-12113-PB11
```

Debtor;

(vii)   the Securities and Exchange commission;

(viii)  the Internal Revenue Service;

(ix)    all applicable state and local taxing authorities;

(x)     the Office of the United States Trustee for the Southern District of California;

(xi)    all parties that filed objections to the Sale Motion;

(xii)   all entities that have requested special notice in this chapter 11 case under Bankruptcy Rule 2002, or otherwise;

(xiii)  any other party identified on the creditor matrix in these cases.

S.  With respect to executory contracts or unexpired leases that are designated by the Debtor or Purchaser as Assumed Contracts or Assumed Liabilities, all Non-Debtor Counterparties to such Assumed Contracts, and assumed with the opportunity to object to both the Cure Costs identified in any Assignment Notice delivered to any such Non-Debtor Counterparty and the assumption and assignment of the applicable Assumed Contract (including objections related to the adequate assurance of future performance and objections based on whether applicable law excuses the Non-Debtor Counterparty from accepting performance by, or rendering performance to, the Purchaser for purposes of section 365(c)(1) of the Bankruptcy Code).

## SECTION 363(F) REQUIREMENTS MET FOR FREE AND CLEAR SALE

T.  The Debtor may sell the Purchased Assets free and clear of all Claims because, in each case where a Claim is not an Assumed Liability, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. The assumption and assignment of each of the Assumed Contracts is also free and clear of all Claims.

U.  The Debtor is the sole and lawful owner of the Purchased Assets and no other person has any ownership right title or interest therein.

V.  Those holders of Claims who did object fall within one or more of the other subsections of section 363(f) and 365 of the Bankruptcy Code as either (1) the consideration received in exchange for the Purchased Assets is greater than the aggregate value of all liens on the Purchased Assets, (2) there is a bona fide dispute with respect to certain of the Claims asserted by the Debtor's prepetition secured lenders or (3) such holders could be compelled in a legal or equitable proceeding to accept a money satisfaction of their Claims. The transfer of the Purchased Assets to the Purchaser under the Purchase Agreement will be a legal, valid and effective transfer of all the legal, equitable and beneficial right, title and interest in and to the Purchased Assets free and clear of all Claims that are not Assumed Liabilities (including, specifically and without limitation, any professional liability claims, environmental liabilities, employee benefit plans and any successor liability claims ). All holders

```
CSD 1001A/119482
```
*Signed by Judge Peter W. Bowie March 11,2010*

Case 09-12113-PB11    Filed 03/11/10    Doc 148    Pg. 8 of 15

CSD 1001C [11/15/04](Page 8)
ORDER AUTHORIZING THE SALE OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL, ETC.
DEBTOR:  Qualitybuilt.com                                                    CASE NO:  09-12113-PB11

of Claims are adequately protected - and the Sale Transaction thus satisfies section 363(e) of the Bankruptcy Code - by having their Claims, if any, attach to the proceeds of the Sale Transaction ultimately attributable to the property against which they have a Claim, in the same order of priority and with the same validity, force and effect that such Claim holder had prior to the Sale Transaction, subject to any rights, claims and defenses to the Debtor or its estate, as applicable.

W.  The Purchaser would not have entered into the Purchase Agreement and would not consummate the Sale Transaction, thus adversely affecting the Debtor, its estate, creditors, employees, and other parties in interest if the sale of the Purchased Assets was not free and clear of all Claims other than Assumed Contracts and Assumed Liabilities, or if the Purchaser would, or in the future could, be liable for any such Claims, including, without limitation and as applicable, certain liabilities (collectively, the "Excluded Liabilities") that expressly are not assumed by the Purchaser, as set forth in the Purchase Agreement.  The Purchaser asserts that it will not consummate the Sale Transaction unless the Purchase Agreement specifically provides and this Court specifically orders that neither the Purchaser, its affiliates, its present or contemplated members or shareholders, or the Purchased Assets will have any liability whatsoever with respect to, or be required to satisfy in any manner, whether at law or in equity, whether by payment setoff or otherwise, directly or indirectly, any Claim or Excluded Liability.

X.  Without limiting the generality of the foregoing, the Purchase Agreement provides the Debtor with reasonably equivalent value and fair consideration (as those terms are defined in the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act and the Bankruptcy Code), and was not entered into for the purpose or, nor does it have the effect of, hindering, delaying or defrauding creditors or any of the Debtor's under any applicable laws. Except for the Assumed Liabilities, the Sale Transaction shall not impose or result in the imposition of any liability or responsibility on Purchaser or its affiliates, successors or assigns or any of their respective assets (including the Purchased Assets), and the transfer of the Purchased Assets to the Purchaser does not and will not subject the Purchaser or its affiliates, successors or assigns or any of their respective assets (including the Purchased Assets), to any liability for any Claims, including, without limitation for any successor liability or any products liability for the sale of any vehicle by the Debtor or their predecessors or affiliates.

### ASSUMPTION AND ASSIGNMENT OF THE ASSUMED CONTRACTS

Y.  The assumption and assignment of the Assumed Contracts are integral to the Purchase Agreement, are in the best interests of the Debtor and its estate, and represent the reasonable exercise of the Debtor's sound business judgment.

Z.  With respect to each of the Assumed Contracts, the Debtor has met all requirements of section 365(b) of the Bankruptcy Code.  Further, the Purchaser has provided all necessary adequate assurance of future performance under the Assumed Contracts in satisfaction of sections 365(b) and 365(f) of the Bankruptcy Code.  Accordingly, the Assumed Contracts can be assumed by the Debtor and assigned to the Purchaser, as provided for in the Contract Procedures set for in the Bidding

`CSD 1001C [11/15/04](Page 9)`
Case 09-12113-PB11    Filed 03/11/10    Doc 148    Pg. 9 of 15

ORDER AUTHORIZING THE SALE OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL, ETC.
DEBTOR:  Qualitybuilt.com                                            CASE NO:  09-12113-PB11

Procedures Order, the Sale Motion and the Purchase Agreement. The procedures set forth in the Sale Motion are fair, appropriate and effective and, upon approval of the assumption and assignment for a particular Assumed Contract thereunder, the Debtor shall be forever released from any and all liability under the Assumed Contract.

### VALIDITY OF THE TRANSFER

AA.     As of the closing of the Sale Transaction (the "Closing"), the transfer of the Purchased Assets to the Purchaser will be a legal, valid and effective transfer of the Purchased Assets, and will vest the Purchaser with all right, title and interest of the Debtor in and to the Purchased Assets, free and clear of all Claims other than Assumed Liabilities.

BB.     With the entry of this Order, the Debtor (1) has full corporate power and authority to execute the Purchase Agreement and all other documents contemplated thereby, and the Sale Transaction has been duly and validly authorized by all necessary corporate action of the Debtor; (2) has all of the corporate power and authority necessary to consummate the transactions contemplated by the Purchase Agreement; (3) has taken all actions necessary to authorize and approve the Purchase Agreement and the consummation by the Debtor of the transactions contemplated thereby; and (4) upon entry of this Order, needs no consents or approvals, other than those expressly provided for in the Purchase Agreement, which may be waived by the Purchaser, to consummate such transactions.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

### GENERAL PROVISIONS

1.      The Sale Motion is granted in its entirety and entry into and performance under and in respect of the Purchase Agreement and the Sale Transaction is approved, as set forth in this Sale Order.

2.      The findings of fact set forth above and conclusions of law stated herein shall constituted this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be deeded, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

3.      All objections, if any, to the Sale Motion or the relief requested therein that have not been withdrawn, waived or settled as announced to the Court at the Sale Hearing or any stipulation filed with the Court, and all reservations of rights included therein, are hereby overruled on the merits with prejudice, except as expressly provided herein.

### APPROVAL OF THE PURCHASE AGREEMENT

4.      The Purchase Agreement, all transactions contemplated therein and all of the terms and conditions thereof are hereby approved.

5.      Pursuant to sections 105, 363 and 365 of the Bankruptcy Code, the Debtor is authorized and directed to perform its obligations under and comply with the terms of the Purchase Agreement and consummate the Sale Transaction,

Case 09-12113-PB11   Filed 03/11/10   Doc 148   Pg. 10 of 15

CSD 1001C [11/15/04](Page 10)
ORDER AUTHORIZING THE SALE OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL, ETC.
DEBTOR: Qualitybuilt.com                                         CASE NO: 09-12113-PB11

pursuant to and in accordance with the terms and conditions of the Purchase Agreement and this Sale Order.

6. The Debtor, as well as its officers, employees and agents, are authorized and directed to execute and deliver, and empowered to perform under, consummate and implement, the Purchase Agreement, in substantially the same form as the Purchase Agreement attached hereto as Exhibit A, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement and to take all further actions and execute such other documents as may be (a) reasonably requested by the Purchaser for the purpose of assigning, transferring, granting, conveying and conferring to the Purchaser, or reducing to possession, the Purchased Assets, (b) necessary or appropriate to the performance of the obligations contemplated by the Purchase Agreement, and (c) as may be reasonably requested by Purchaser to implement the Purchase Agreement and consummate the Sale transaction in accordance with the terms thereof, all without further order of the Court.

7. This Sale Order and the Purchase Agreement shall be binding in all respects upon the Purchaser, the Debtor, any trustees appointed in the Debtor's cases (whether under chapter 11 or chapter 7 of the Bankruptcy Code), all creditors (whether known or unknown) of the Debtor, all interested parties and their successors and assigns including, but not limited to, any party asserting a Claim and any Non-Debtor Counterparty to the Assumed Contracts. Nothing contained in any chapter 11 plan confirmed in these bankruptcy cases or the order confirming any such chapter plan shall conflict with derogate from provision of the Purchase Agreement or this Sale Order, and to the extent of any conflict or derogation between this Sale Order or the Purchase Agreement and such further plan or order, the terms of this Sale Order and the Purchase Agreement shall control to the extent of such conflict or derogation.

8. All amounts, if any, to be paid by the Debtor pursuant to the Purchase Agreement shall constitute administrative expenses pursuant to sections 503(b) and 507(a)(l) of the Bankruptcy Code and shall be due and payable if and when any Debtor's obligations arise under the Purchase Agreement without further order of the Court.

## TRANSFER OF PURCHASED ASSETS FREE AND CLEAR

9. Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the Debtor are authorized and directed to transfer the Purchased Assets in accordance with the terms of the Purchase Agreement. The Purchased Assets shall be transferred to the Purchaser, and upon consummation of the Purchase Agreement, such transfer (a) shall be a valid, legal, binding and effective transfer; (b) shall vest the Purchaser with tall right, title and interest of the Debtor in the Purchased Assets; and (c) shall be free and clear of all Claims except for Assumed Liabilities with all such Claims to attach to the net proceeds of the Sale Transaction ultimately attributable to the Purchased Assets against or in which such Claims are asserted, in the order of their priority, with the same validity, force and effect which they now have as against the Purchased Assets, subject to any rights, claims and defenses the Debtor or their estates, as applicable, may possess with respect thereto.

CSD 1001A/119482

*Signed by Judge Peter W. Bowie March 11,2010*

Case 09-12113-PB11    Filed 03/11/10    Doc 148    Pg. 11 of 15

CSD 1001C [11/15/04](Page 11)
ORDER AUTHORIZING THE SALE OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL, ETC.
DEBTOR:  Qualitybuilt.com                                                                CASE NO:  09-12113-PB11

10. Except as otherwise provided in the Purchase Agreement, all persons and entities (and their respective successors and assigns) including, but not limited to, all debt security holder, equity security holders, affiliates, governmental, tax and regulatory authorities, lenders customers, employees, trade creditors, litigation claimants and other creditors, holding Claims (whether legal or equitable, secured or unsecured, known or unknown, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, senior or subordinated) except for Assumed Liabilities, arising under or out of, in connection with, or in any relating to, the Debtor, the Purchased Assets, the operation of the Business prior to Closing or the transfer of the Purchased Assets to the Purchaser, are hereby forever barred, estopped and permanently enjoined from asserting such Claims against the Purchaser, its successors or assigns, its property or the Purchased Assets.  No such persons or entities shall assert against the Purchaser or their successors in interest any Claim arising from, related to or in connection with the ownership, sale or operation of any Assets prior to the Closing, except for Assumed Liabilities.

11. The Sale Order (a) shall be effective as a determination that, as of Closing (i) no Claims, other than Assumed Liabilities and Assumed Contracts relating to the Purchased Assets, will be assertable against the Purchaser, its affiliates, successors or assigns or any of their respective assets (including the Purchased Assets), (ii) have been unconditionally released, discharged and terminated, and (iii) the conveyances described herein have been effected; and (b) is and shall be binding upon and govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, registrars of patents, trademarks or other intellectual property, administrative agencies, governmental departments, secretaries of state, federal and local officials and all other persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement.

12. All persons or entities in possession of some or all the Purchased Assets that have received notice of the Sale Motion at least 14 days prior to the last session of the Sale Hearing, are directed to surrender possession of such Purchased Assets to the Purchaser or its respective designees at the time of Closing of the Sale Transaction.

13. Following the Closing of the Sale Transaction, no holder of any Claim shall interfere with the Purchaser's title to or use and enjoyment of the Purchased Assets based on or related to any such Claim, or based on any actions the Debtor may take in their chapter-11 cases.

14. All persons and entities are prohibited and enjoined from taking any action to adversely affect or interfere with the ability of the Debtor to transfer the Purchased Assets to the Purchaser in accordance with the Purchase

CSD 1001A/119482

*Signed by Judge Peter W. Bowie March 11,2010*

Case 09-12113-PB11    Filed 03/11/10    Doc 148    Pg. 12 of 15

CSD 1001C [11/15/04](Page 12)
ORDER AUTHORIZING THE SALE OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL, ETC.
DEBTOR: Qualitybuilt.com                                                CASE NO: 09-12113-PB11

Agreement and this Sale Order.

15. To the extent provided by section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any permit or license relating to the operation of the Purchased Assets sold, transferred or conveyed to the Purchaser on account of the filing or pendency of these chapter 11 cases or the consummation of the Sale Transaction contemplated by the Purchase Agreement.

## ASSUMPTION AND ASSIGNMENT OF ASSUMED CONTRACTS

16. Pursuant to sections 105(a), 363 and 365 of the Bankruptcy code, the Debtor's assumption and assignment or other transfer to the Purchaser and all of the Debtor's right, title and interest therein or thereunder of the Assumed Contracts is hereby approved, and all requirements of section 365 of the Bankruptcy Code are hereby deemed satisfied. For the avoidance of doubt, the Debtor shall be deemed to have assumed and assigned each of the Assumed Contracts as of the date of and effective only upon the Closing of the Sale Transaction and, absent such Closing, each of the Assumed Contracts shall neither be deemed assumed nor assigned and shall in all respects be subject to subsequent assumption or rejection by the Debtor under the Bankruptcy Code.

17. The Debtor is hereby authorized in accordance with sections 105(a) and 365 of the Bankruptcy Code to assume and assign, sell and otherwise transfer the Assumed Contracts and all of the Debtor's right, title or interest therein or thereunder to the Purchaser free and clear of all Claims, and to execute and deliver to the Purchaser such documents or other instruments as reasonably may be necessary to assign and transfer the Assumed Contracts to the Purchasers.

18. The Assumed Contracts shall be transferred to, and remain in full force and effect for the benefit of, the Purchaser in accordance with their respective terms, notwithstanding any provision in any such Assumed Contract (including those of the types described in sections 365(e)(l) and (f) of the Bankruptcy Code) that prohibits, restricts or conditions such assignment or transfer. There shall be no assignment fees, penalties, increases or any other fees charged to the Purchaser or the Debtor as a result of the assumption or assignment of the Assumed Contracts. No Assumed Contract may be terminated, or the rights of any party modified in any respect, including pursuant to any "change of control" clause, by any other party thereto as a result of the transactions contemplated by the Purchase Agreement.

19. [RESERVED]

20. [RESERVED]

21. Each Non-Debtor Counterparty to an Assumed Contract hereby is forever barred, estopped and permanently enjoined from asserting against the Debtor or the Purchaser, their successors or assigns of the property of any of them, any default existing as of the date of the Sale Hearing if such default was not raised or asserted prior to or at the Sale Hearing.

CSD 1001A/119482

*Signed by Judge Peter W. Bowie March 11,2010*

Case 09-12113-PB11    Filed 03/11/10    Doc 148    Pg. 13 of 15

CSD 1001C [11/15/04](Page 13)
ORDER AUTHORIZING THE SALE OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL, ETC.
DEBTOR:  Qualitybuilt.com                                              CASE NO:  09-12113-PB11

22.  The failure of the Debtor or the Purchaser to enforce at any time one or more terms or conditions of any Assumed Contract shall not be a waiver of such terms or conditions, or of the Debtor's and Purchaser's rights to enforce every term and condition of the Assumed Contracts.

23.  Upon the Closing, the Purchaser shall be fully and irrevocably vested with all right, title and interest of the Debtor under the Assumed Contracts.

24.  The assignments of each of the Assumed Contracts are made in good faith under sections 363(b) and (m) of the Bankruptcy Code.

ADDITIONAL PROVISIONS

25.  The Purchaser has given substantial consideration under the Purchase Agreement for the benefit of the holders of Claims.  The consideration given by the Purchaser shall constitute valid and valuable consideration for the releases of any potential claims of successor liability of the Purchaser, which releases shall be deemed to have been given in favor of the Purchaser by all holders of any Claims of any kind whatsoever.

26.  While the Debtor's bankruptcy case is pending, this Court shall retain jurisdiction to, among other things, interpret, enforce and implement the terms and provisions of this Sale Order and the Purchase Agreement, all amendments thereto, any waivers and consents thereunder (and of each of the agreements executed in connection therewith in all respects), to adjudicate disputes related to this Sale Order or the Purchase Agreement and to enter any orders under sections 363 and/or 365 of the Bankruptcy Code with respect to the Assumed Contracts.

27.  No bulk sales law, or similar law of any state or other jurisdiction, shall apply in any way to the transactions contemplated by the Purchase Agreement, the Sale Motion and this Sale Order.

28.  The transactions contemplated by the Purchase Agreement are undertaken by the Purchaser in good faith, as that term is used in section 363(m) of the Bankruptcy Code and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale Transaction shall not affect the validity of the Sale Transaction (including the assumption and assignment of the Assumed Contracts), unless such authorization is duly stayed pending such appeal.

29.  The consideration provided by the Purchaser of the Purchased Assets constitutes reasonably equivalent value and fair consideration (as those terms may be defined in each of the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act and section 548 of the Bankruptcy Code) under the Bankruptcy Code and under the laws of the United States, any state, territory or possession thereof or the District of Columbia or any other applicable jurisdiction with laws substantially similar to the foregoing.

30.  The Sale Transaction may not be avoided under section 365(n) of the Bankruptcy Code.

CSD 1001A/119482

*Signed by Judge Peter W. Bowie March 11,2010*

31.     The terms and provisions of the Purchase Agreement and this Sale Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtor, its estate, its creditors, the Purchaser, the respective affiliates, successors and assigns of each, and any affected third parties including, but not limited to, all persons asserting claims in the Purchased Assets to be sold to the Purchaser pursuant to the Purchase Agreement, notwithstanding any subsequent appointment of any trustee(s), examiner(s) or receiver(s) under any chapter of the Bankruptcy Code or any other law, and all such provision and terms shall likewise be binding on such trustee(s), examiner(s) or receiver(s) and shall not be subject to rejection or avoidance by the Debtor, its estate, its creditors, their shareholders or any trustee(s), examiner(s), or receiver(s).

32.     The failure specifically to include any particular provision of the Purchase Agreement in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Purchase Agreement and its exhibits and ancillary documents be authorized and approved in their entirety.

33.     The Purchase Agreement may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplemental does not materially change the terms of the Purchase Agreement.

34.     As provided by Rules 6004(h) and 6006(d) of the Federal Rules of Bankruptcy Procedures, this Sale order shall not be stayed for 10 days after its entry and shall be effective immediately upon entry, and the Debtor and the Purchaser are authorized to close and the Sale Transaction immediately upon entry of this Sale Order.  Any party objecting to this Sale Order must exercise due diligence in filing and appeal and pursuing a stay or risk its appeal being foreclosed as moot in the event Purchaser and Debtor elect to close prior to this Sale Order becoming a Final Order.

35.     Buyer shall have no obligations under any liabilities of Seller or the Bankruptcy Estate other than the Assumed Liabilities, the Assumed Contracts, and its obligations under this Agreement.

36.     The provisions of this Sale Order and any actions take pursuant hereto shall survive the entry of any order that may be entered confirming any plan of reorganization (or liquidation) for the Debtor, converting the Debtor's case from Chapter 11 to a case under Chapter 7 of the Bankruptcy Code, or dismissing this case.

///

Case 09-12113-PB11    Filed 03/11/10    Doc 148    Pg. 15 of 15

```
CSD 1001C [11/15/04](Page 15)
ORDER AUTHORIZING THE SALE OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL, ETC.
DEBTOR:  Qualitybuilt.com                                          CASE NO:  09-12113-PB11
```

37. This Court retains jurisdiction to interpret, implement and enforce the terms and provisions of this Order including to compel delivery of the Purchased Assets, to protect the Purchaser against any Claims and to enter any orders under sections 363 or 365 to transfer the Purchased Assets and Assumed Contracts to the Purchaser.

[Approvals as to Form as Necessary]

**WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**


By: //s// Garrick A. Hollander
Garrick A. Hollander, Esq.
Attorneys for Interested Party, Quality Built, LLC


**KEEHN & ASSOCIATES, APC**


By:  //s// L. Scott Keehn
Attorneys for Debtor and Debtor -in-Possession,
Qualitybuilt.com